Amir H. Tadjedin (SBN 186967)
Wendy M. Thomas (SBN 268695)
**MARKUN ZUSMAN FRENIERE & COMPTON LLP**
17383 Sunset Boulevard, Suite A380
Pacific Palisades, California 90272
Telephone: (310) 454-5900
Facsimile: (310) 454-5970
atadjedin@mzclaw.com
wthomas@mzclaw.com

*Attorneys for Defendant United Retirement Plan Consultants, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD STRICK, M.D., INC. PROFIT SHARING PLAN AND RICHARD A. STRICK, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED RETIREMENT PLAN CONSULTANTS, INC., <br><br> Defendant. | **Case No. 2:16-CV-08206-FMO-AFM** <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> Action Filed: November 3, 2016 <br> Trial Date: March 20, 2018 |

Plaintiffs Richard Strick, M.D., Inc. Profit Sharing Plan and Richard Strick and Defendant United Retirement Plan Consultants, Inc., by and through their respective undersigned counsel of record, hereby stipulate as follows:

## **GOOD CAUSE STATEMENT**

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## **SCOPE OF PROTECTION**

1. This Stipulated Protective Order (the "Protective Order") shall apply to all information, materials or tangible things hereafter subject to discovery in this action,

including, without limitation, documents, testimony and responses produced in the course of this litigation by any party or nonparty (the "Producing Party"), which the Producing Party designates as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER", referred to as "Confidential Material."

2. Confidential Material shall be designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if the Confidential Material contains personnel and employee information or non-public financial information.

3. To the extent that any third party to this litigation (a "Third Party") wishes to become a party to the Protective Order, the Third Party shall execute an undertaking in the form of Exhibit A attached hereto. The parties agree to treat any Confidential Material produced by the Third Party in accordance with the provisions of the Protective Order.

4. All Confidential Material produced or provided by any Producing Party in the instant matter shall be used by the party receiving or reviewing it (the "Receiving Party") only for the purposes of preparing for and conducting the litigation or settlement of the instant action and shall not be used for any business, commercial, competitive, personal, or other purpose whatsoever.

5. This Protective Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions hereof. However, prior to any application to the Court to enlarge or reduce the restrictions of this Protective Order, the parties will confer in good faith in an effort to resolve such issues and determine by stipulation an appropriate modification of the original Protective Order.

6. Unless and until otherwise ordered by the Court or agreed to in writing by the parties, all Confidential Material designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be treated as such and shall not be disclosed except in accordance with the terms of this Protective Order.

3
**STIPULATED PROTECTIVE ORDER**

## METHOD OF DESIGNATING CONFIDENTIAL INFORMATION

7. The Producing Party shall designate Confidential Material as such by marking each document, pleading, deposition, or tangible thing "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" directly on such material. With respect to electronic documents, a marking of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on a disk is sufficient to designate all documents contained on the disk as Confidential Material. In the alternative, the Producing Party may designate material as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" without marking it directly by providing written notice that certain material is to be deemed as Confidential Material. Such notice must provide sufficient specificity.

8. To designate deposition testimony as Confidential Material, the party requesting the designation may state during the deposition which testimony should be treated as Confidential Material and request that the Court reporter print that portion of the transcript separately and mark it CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. Notwithstanding the foregoing, within five (5) days of receipt of a deposition transcript from the Court reporter, any party shall have the right to designate particular deposition testimony and/or exhibits as Confidential Material, even if the party failed to designate such information as Confidential Material at the time of the deposition. Accordingly, all parties will treat any and all deposition transcripts as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER for the first ten (10) days after the subject transcript is mailed or delivered to counsel. The party making the designation shall be responsible for ensuring that those portions of the deposition transcripts and exhibits designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER are stamped and bound by the reporter in the manner described herein.

9. In accordance with Fed. R. Civ. Proc. 26(b)(5)(B), if a Producing Party inadvertently produces a document that otherwise is not discoverable for reasons of the attorney-client privilege or work product immunity or both, such inadvertent

production shall not constitute any waiver of attorney-client privilege or work product immunity and all copies of such inadvertently produced documents shall promptly be returned by the Receiving Party to the Producing Party upon demand.

10. If any party or nonparty required to produce materials or information in the litigation of the instant matter inadvertently produces any Confidential Material without marking it with the appropriate legend, that party may, at any time after its inadvertent disclosure, notify all other parties to this action that the material is deemed CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER and should be treated as such in accordance with the provisions of this Agreement. The Receiving Party shall not be liable or responsible for any disclosure of information prior to the party's receipt of the Producing Party's subsequent designation of Confidential Material, other than as specified in the foregoing paragraph. However, a Producing Party's inadvertent or unintentional failure to designate information as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall not be deemed a waiver in whole or in part of that Producing Party's claim of confidentiality of the Producing Party provided the Producing Party takes prompt action after discovery of such omission to notify all parties in writing that such information constitutes "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" information.

11. Upon receipt of notice pursuant to Paragraphs 7, 8 or 10 above that a document, tangible thing, deposition transcript, or portion of deposition transcript that has been designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, such material shall be treated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. All parties or nonparties in possession of such material shall stamp it with the appropriate designation when reproducing it pursuant to Paragraph 12.

**REPRODUCTION OF CONFIDENTIAL MATERIAL**

12. No Confidential Material shall be reproduced except as required in connection with discovery in the instant case.

13. All copies or derivations of Confidential Material shall constitute Confidential Material as provided in this Agreement and shall be treated as such

14. Nothing herein shall restrict a person authorized to have access to Confidential Material from making working copies, abstracts, digests, and/or analyses of Confidential Material for use in connection with this action. Such working copies, abstracts, digests, and analyses shall be deemed to have the same level of protection as the original Confidential Material under the terms of this Protective Order. Further, nothing herein shall restrict an authorized recipient from converting or translating such information into machine-readable form for incorporation in a data retrieval system used in connection with this action, provided that access to such information, in whatever form stored or reproduced, shall be limited to authorized recipients.

## USE OF CONFIDENTIAL MATERIAL

15. Confidential Material may be referred to by a Receiving Party or Producing Party in papers filed with the Court in the instant action and/or in discovery papers. However, if a document containing Confidential Material is filed with the Court, it shall be filed under seal in compliance with Local Rule 79-5.1 of the U.S. District Court for the Central District of California and Section V of General Order 10-07 of the Central District of California (revised August 2, 2010). Any papers containing Confidential Material shall indicate clearly what portions are designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. This Protective Order does not entitle the Parties to file material under seal. Good cause to file under seal must be established by submission of competent evidence via declaration establishing that the material sought to be filed under seal qualifies as confidential, privileged or otherwise protectable.

16. Nothing in this Protective Order shall be deemed to alter or otherwise amend the Parties' obligation to follow the procedures set forth in Federal Rules of Civil Procedure, the Local Rules of the U.S. District Court for the Central District of California or any Order by this Court. To the extent there is any conflict between the

obligations set forth in this Protective Order – which the parties do not believe is the case – the Federal Rules of Civil Procedure, the Local Rules of the U.S. District Court for the Central District of California and any Order by this Court shall control.

**METHOD FOR OBJECTING TO CONFIDENTIAL DESIGNATION**

17. If any party objects to the designation of any Confidential Material as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, the objecting party may, at any time, request in writing of the designating party that such designation be removed. The written request shall specifically identify the precise material or information at issue.

18. The Producing Party shall respond in writing within ten (10) business days of the receipt of the written request, or within such other time as may be designated by Order of the Court or agreement of the parties. If the Producing Party refuses to remove the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation, the Producing Party's written response shall state the reasons for such refusal. Notwithstanding the foregoing, failure to provide a timely written response shall be deemed a refusal of the request.

19. If the Producing Party fails to respond to a request or refuses to remove the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation, the objecting party shall have twenty (20) days from the date the Producing Party refuses to remove the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation (or, in the case of failure to respond, twenty (20) days from the date such response would have been due) to file an appropriate motion raising the issue of designation with the Court. It shall be the burden of the objecting party under such circumstances to establish that the information so designated is not CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER within the meaning of this Agreement. In the event of such a motion, the material at issue may be submitted to the Court for an in camera inspection. Until the objecting party files an appropriate motion seeking to remove the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation

and obtains relief from the court (or until the Producing Party consents to the removal of the designation), the material to which the objecting party objected shall remain CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.

## **PERSONS QUALIFIED TO RECEIVE OR REVIEW CONFIDENTIAL MATERIAL**

20. Confidential Material marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," and any documents or things derived therefrom or based thereon, may only be disclosed or made available to "Qualified Persons," who are defined to consist of:

   a. The Court and employees of the Court;
   b. Outside Counsel to the parties in this case, including clerical, secretarial and paralegal staff employed by such counsel;
   c. Deponents in their deposition or in preparing for their deposition;
   d. Jurors or witnesses testifying at trial or in other court proceedings in this case;
   e. Experts or consultants and their staff assisting in the prosecution or defense of this case;
   f. Parties and representatives or employees of parties (officers, directors, employees, trustees, etc.) on a need-to-know basis;
   g. Any person who authored or previously received the Confidential Material, or who has knowledge of the specific facts identified in such materials;
   h. Court reporters and other persons involved in recording deposition testimony in this action by any means;
   i. Commercial photocopying services ordinarily used by counsel for the purposes of photocopying, if such services are deemed reasonably necessary under the circumstances;

   j. Graphics or design services retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, trial or other court proceedings;

   k. Jury or trial consulting services retained by counsel for a party; and

   l. Any other person to whom the Producing Party agrees in writing or to whom the court authorizes disclosure.

  21. Prior to reviewing or receiving Confidential Material in any manner, all Qualified Persons under Paragraph 20(k) hereof shall execute an undertaking in the form of Exhibit B hereto. Counsel for the party providing Confidential Material to such Qualified Person(s) shall maintain a complete record of every original signed undertaking obtained from any person pursuant to this paragraph, and shall provide the Producing Party's counsel with a copy of such signed certificate at least thirty (30) days after the conclusion of all proceedings, whether by settlement, dismissal, judgment or otherwise, and after all appeals have been exhausted. In addition, if the identity of outside jury consultants must be disclosed pursuant to Court order, statute or otherwise, a copy of all undertakings executed by such consultants shall be furnished to the Producing Party upon request.

  22. No Confidential Material shall be disclosed to any persons other than Qualified Persons. However, nothing contained herein shall (a) prevent any party from disclosing or employing its own Confidential Material as it deems appropriate in its sole discretion, or (b) be deemed to impose any restriction on the use or disclosure by a party or witness of materials or information obtained independently of the discovery proceedings in the instant matter.

  23. In the event that any Qualified Person to whom Confidential Material is disclosed ceases his or her involvement in the instant action, his or her access to Confidential Material shall be terminated immediately. The provisions of this Agreement shall remain in full force and effect as to any such person.

24. If any Confidential Material in the possession of a Receiving Party or Qualified Person is subpoenaed by any Court, administrative or legislative body, or by any other person purporting to have authority to subpoena such materials or information, upon becoming aware of the existence of the subpoena, the parties to this case shall immediately give notice of the subpoena and deliver of a copy thereof to the attorneys for the Producing Party.

25. Counsel for the parties shall take reasonable precautions to prevent the unauthorized disclosure of Confidential Material.

## USE OF CONFIDENTIAL MATERIAL AT TRIAL

26. The Protective Order shall not govern the use of Confidential Material at trial. Use of Confidential Material at trial shall be governed by orders of the trial judge.

## NO PROBATIVE VALUE

27. This Protective Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any Party or person with respect to any Confidential Material. The fact that information is marked with a confidentiality designation under the Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary or a trade secret. The fact that any information is disclosed, used, or produced in any court proceeding in this action with a confidentiality designation shall not be offered in any action or proceeding before any court, agency, or tribunal as evidence of or concerning whether or not such information is admissible, confidential, or proprietary.

## RIGHT TO ASSERT OTHER OBJECTIONS

28. This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, or other grounds for not producing Discovery Material.

## CONCLUSION OF THE LITIGATION

29. Upon the written request of the Producing Party made within sixty (60) days of the final disposition of this action, all Confidential Material, and all copies or

10
**STIPULATED PROTECTIVE ORDER**

1 extracts thereof, shall be returned to the Producing Party within thirty (30) days of
2 such request or, at the Producing Party's option, shall promptly be destroyed, except
3 that depositions, deposition exhibits, discovery responses, briefs and other court
4 papers prepared for use in the instant matter need not be returned or destroyed but
5 shall be kept confidential by all counsel for the parties.

6     30. The binding effect of this Protective Order shall survive termination of this
7 action, and the Court shall retain jurisdiction to enforce the Protective Order.

8     31. The provisions of this Protective Order shall be effective and binding as
9 between the parties, counsel, and any Third Parties as of the date of the execution of
10 Exhibit "A" hereto.

11     32. The provisions of this Protective Order shall be effective and binding as
12 between the parties, counsel, and any Qualified Person as of the date of the execution
13 of Exhibit "B" hereto.

14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

## SURVIVAL OF OBLIGATIONS

33. The obligations created by this Protective Order shall survive the termination of this action unless otherwise modified by the Court. The Court shall retain jurisdiction, even after termination of this action, to enforce this Protective Order and to make such amendments and modifications to this Protective Order as may be appropriate.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: May 22, 2017　　　　　　　**LUCAS & CAVALIER, LLC**

By: _____
Daniel S. Strick
*Attorneys for Plaintiffs Richard Strick, M.D., Inc. Profit Sharing Plan and Richard Strick*

Dated: May 22, 2017　　　　　　　**MARKUN ZUSMAN FRENIERE & COMPTON, LLP**

By: _____
Wendy M. Thomas
*Attorneys for Defendant United Retirement Plan Consultants, Inc.*

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: 5/22/2017

_____
ALEXANDER F. MacKINNON
United States Magistrate Judge

# EXHIBIT A

THIRD PARTY'S AGREEMENT
TO BE BOUND
BY STIPULATED PROTECTIVE ORDER

*Richard Strick, M.D., Inc. Profit Sharing Plan et al. v. United Retirement Plan Consultants, Inc.*

U.S. District Court for the Central District of California, Los Angeles Division Civil Action No. CV 2:16-CV-08206-FMO-AFM

_____ is a third party to the litigation between named Plaintiffs Richard Strick, M.D., Inc. Profit Sharing Plan and Richard Strick and Defendant United Retirement Plan Consultants, Inc. and has received a copy of the foregoing Stipulated Protective Order, and wishes to become a party thereto. Pursuant to paragraph 3 of the Protective Order, _____ agrees to be bound by the provisions of the Protective Order and _____ agrees to treat any Confidential Material in accordance with the terms of the Protective Order.

_____
(Name)

Date: _____

# EXHIBIT B

AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

*Richard Strick, M.D., Inc. Profit Sharing Plan et al. v. United Retirement Plan Consultants, Inc.*

U.S. District Court for the Central District of California, Los Angeles Division Civil Action No. CV 2:16-CV-08206-FMO-AFM

I, the undersigned, hereby acknowledge that I have received a copy of the foregoing Stipulated Protective Order, have read same and agree to be bound by all provisions thereof. I irrevocably submit myself to the jurisdiction of the United States District Court for the Central District of California, for enforcement of this Agreement to be Bound. I understand that if I violate the terms of the Protective Order, I may be subject to an order holding me in contempt of court.

DATED: _____         _____